UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division
www.flsb.uscourts.gov

In re: Case No. 26-10985-PDR
Chapter 7

BENJI URRA and
ANGELA E. URRA,

Debtors.
_______________________________________/

OCEAN BANK, Adv. Case No. ________

Plaintiff,
vs.

BENJI URRA and
ANGELA E. URRA,

Defendants.
_______________________________________/

**COMPLAINT TO DETERMINE DISCHARGEABILITY**

Plaintiff, Ocean Bank, sues Defendants, Benji Urra and Angela E. Urra, and alleges as follows.

1. This is an action brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 523(a)(2) to determine the dischargeability of a debt.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, by virtue of Defendants' above-styled bankruptcy case. Ocean Bank's claims arise under and relate to the bankruptcy case.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2).

4. Ocean Bank is a Florida banking corporation. Its principal address is 780 NW 42nd Avenue, Miami, FL 33126, in Miami-Dade County, Florida.

5. Defendants are individuals who reside in Broward County, Florida, and they are the Debtors in the above-styled bankruptcy case.

6. All conditions precedent to this action have occurred, have been performed, or have otherwise been waived.

7. At all material times, Defendants owned, operated, controlled, and were officers of Benji Auto Sales Corp. ("Benji Auto"), an automobile dealership engaged in the sale of motor vehicles. Benji Auto was a long-time banking customer of Ocean Bank.

8. On or about April 17, 2025, Benji Auto obtained a $5,000,000.00 floor plan line of credit loan from Ocean Bank for the purpose of financing its dealership inventory and specifically to refinance existing inventory that had been pledged to another lender, Automotive Finance Corporation ("AFC"). Defendants personally guaranteed the Ocean Bank loan.

9. Ocean Bank made the loan in reliance on Defendants' representations as to certain material facts, including, but not limited to, that (1) Benji Auto was in good standing with respect to AFC's loan, (2) all the vehicles in the existing inventory were at Benji Auto's West Park and Orlando dealership locations, (3) the security interest in the inventory being granted to Ocean Bank would at all times be a first priority security interest, and (4) there had been no material adverse change in Benji Auto's financial condition since the date of its last financial statement.

10. But for Defendants' representations, Ocean Bank would not have made the loan.

11. Defendants knew that their representations were false or made the representations with reckless disregard for the truth. Among other things, the existing inventory being refinanced was in part missing from the two dealership locations as Benji Auto had sold certain vehicles and not paid AFC. At the time of Ocean Bank's loan, AFC was threatening to take enforcement action against Benji Auto. In addition, Defendants did not disclose that they were in the process of buying

a Nissan dealership in Texas, which purchase they ended up closing in or around June 2025. Benji Auto and Defendants failed to terminate certain UCC-1 financing statements that were filed ahead of Ocean Bank's UCC-1 financing statement on April 21, 2025. Benji Auto and Defendants promised to subordinate a security interest granted to Quick Shift Capital LLC ("Quick Shift"), but they never filed or caused to be filed the required paperwork. They also continued to obtain financing from Quick Shift even after obtaining the loan from Ocean Bank.

12. Defendants' conduct was intended to create and foster a false impression on the part of Ocean Bank, which wrongfully induced Ocean Bank to make the loan.

13. Defendants obtained the loan from Ocean Bank by using false pretenses, making false representations, or committing actual fraud, as contemplated in 11 U.S.C. § 523(a)(2)(A).

14. In addition or in the alternative, Defendants obtained the loan from Ocean Bank by use of a statement in writing (i) that is materially false, (ii) respecting their financial condition, (iii) on which Ocean Bank reasonably relied to its detriment and told Defendants it would rely upon in making the loan, and (iv) that Defendants caused to be made with intent to deceive, as contemplated in 11 U.S.C. § 523(a)(2)(B). A personal financial statement submitted by Defendants to Ocean Bank materially omitted a mortgage on commercial real estate that would have negatively affected the net worth claimed by Defendants.

15. Benji Auto and Defendants defaulted on the Ocean Bank loan.

16. Ocean Bank filed a lawsuit against Benji Auto and Defendants on September 22, 2025, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, *Ocean Bank v. Benji Auto Sales Corp., et al.*, Case No. CACE-25-014422. A copy of the state court complaint is attached as Exhibit 1.

17. On January 25, 2026, the state court entered a final judgment against Benji Auto in

the amount of $2,883,031.05 plus interest. A copy of the state court final judgment is attached as Exhibit 2.

18. Defendants filed bankruptcy on January 27, 2026. The state court action is stayed as to the claims against Defendants on their personal guaranties of the Ocean Bank loan.

WHEREFORE, Ocean Bank respectfully requests that this Court determine that the debt owed by Defendants to Ocean Bank is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), enter a final judgment in favor of Ocean Bank against Defendants, award Ocean Bank attorneys' fees and costs, and grant such further relief as is just and appropriate.

Dated: May 4, 2026

Respectfully submitted,

WEISSMAN & DERVISHI, P.A.

By: /s/ Peter A. Tappert
Brian S. Dervishi
Peter A. Tappert
Florida Bar Nos. 350303 and 27100
One SE Third Avenue, Suite 1700
Miami, Florida 33131
305-347-4070 (Telephone)
bdervishi@wdpalaw.com
ptappert@wdpalaw.com
service@wdpalaw.com

Attorneys for Ocean Bank